UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chrome Hearts LLC, | ) |
| Plaintiff, | ) Case No.: 1:22-cv-04487 |
| v. | ) |
| | ) Dist. Judge Ronald A. Guzman |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) |
| | ) Mag. Judge Jeffrey Cummings |
| Defendants. | ) |

**Motion for Extension of Time**

**NOW COMES** defendant CANIPHA ("Defendant"), by and through its undersigned counsel, and hereby moves this Court to extend the time to file a response to the Complaint. In support of its motion, Defendant states as follows:

1. Plaintiff filed its Complaint on August 23, 2022. [Dkt. 1].

2. Defendants were ostensibly served with process on September 26, 2022. [Dkt. 31].

3. Defendant has substantively and quantifiably been involved in settlement negotiations with Plaintiff, including involving the exchange of evidence.

4. Despite its diligence, Defendant need a short additional time to explore settlement, or exhaust the prospect thereof and respond to Plaintiff's Complaint.

5. This Court may, for good cause, extend the time by which Defendants' responses are due after the time has expired if Defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See also*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the

Seventh Circuit] to favor trials on the merits over default judgments."); <u>Anderson v. Stanco Sports Library, Inc.</u>, 52 F.R.D. 108, 109 (D. S.C. 1971) (granting defendants' motion for an extension arguing that "judgment by default has not been entered. It is not contended that plaintiff would be prejudiced by the answer of the defendant and trial upon the merits. On the other hand, to enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").

6. Defendant respectfully requests this Court extend the date on which Defendant is to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to November 30, 2022.

7. This Motion has been filed in good faith and in the interest of judicial economy, and is not interposed for purposes of delay.

8. This is the first motion for an extension of time filed by Defendant.

9. On November 7, 2022, Defendant requested whether Plaintiff would oppose Defendant's requested extension. As of the filing of this motion, Plaintiff has not expressed whether it opposes Defendant's requested extension.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that this Honorable Court enter an Order:

a) extending the date on which Defendant's response(s) to Plaintiff's Complaint are due to November 30, 2022.

Dated: November 9, 2022

<u>/s/Adam E. Urbanczyk</u>
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
adamu@au-llc.com
Ph: (312) 715-7312
*Attorney for Defendant CANIPHA*